UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-14033-CR-GRAHAM/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

OSCAR ARMANDO MARADIAGA,

    Defendant.
_____/



FILED by _____ D.C.

OCT 24 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON DEFENDANT'S ADMISSIONS TO VIOLATIONS AS SET FORTH IN THE PETITION FOR VIOLATIONS OF SUPERVISED RELEASE

**THIS CAUSE** having come on to be heard for a preliminary hearing and final hearing on October 24, 2013 in respect to the pending Petition Alleging Violations Of Supervised Release and this Court having conducted a hearing wherein the Defendant advised this Court that he wished to admit Violations Numbers 1 and 2 of the Petition, this Court recommends to the District Court as follows:

    1.    The Defendant appeared before this Court on October 17, 2013 for an initial appearance and requested that the preliminary hearing and final hearing be held on October 24, 2013 in respect to the Petition Alleging Violations Of Supervised Release which alleges the following violations:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. On or about June 18, 2013, Palm Beach County, Florida, the defendant committed the offense of previously deported alien found in the United States, contrary to Title 8, U.S.C. §1326(a) and (b)(2). |
| **Violation Number 2** | **Violation of Special Condition**, by reentering the United States without the written permission of the Undersecretary for Border and Transportation Security. If the defendant reenters the |

United States within the term of supervised release, he is to report to the nearest U.S. Probation Office within 72 hours of his arrival. On or before June 18, 2013, the defendant reentered the United States without the written permission of the Secretary for Border and Transportation Security as evidenced by his Indictment in Case Number 13-80136-CR-HURLEY/HOPKINS, Southern District of Florida.

2. After consultation with his attorney, the Defendant announced to this Court that he wished to admit Violations Numbers 1 and 2 inclusive as set forth in the Petition.

3. The government announced the possible maximum penalties which the Defendant was facing which included advising the Defendant of the possibility of deportation after sentencing. The Defendant stated that he understood those penalties. This Court questioned the Defendant and made certain that he understood his rights in regards to an evidentiary hearing in respect to the violations contained in the Petition. Further, the Defendant acknowledged that he understood his rights in that regard and further understands that all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

4. This Court detained the Defendant pending sentencing and will issue a separate Detention Order.

**ACCORDINGLY**, based upon the Defendant's admissions to Violations Numbers 1 and 2 inclusive under oath, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to Violation Numbers 1 and 2 as set forth in the Petition and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this 24th day of October, 2013, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Donald L. Graham
AUSA Russell Killinger
AFPD Fletcher Peacock
U. S. Probation
U. S. Marshal